# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

WOODROW FLEMMING,

                          Plaintiff,

                                                9:15-CV-457
v.                                         (MAD/ATB)

SCOTT SANTAMORE, et al.,

                          Defendants.

WOODROW FLEMMING, Plaintiff pro se
JUSTIN ENGEL, Asst. Attorney General for Defendants

## ORDER and REPORT-RECOMMENDATION

Plaintiff filed this civil rights action on April 16, 2015. (Dkt. No. 1). On July 10, 2015, the Honorable Mae A. D'Agostino dismissed some of plaintiff's claims, but allowed his Eighth Amendment excessive force and medical indifference claims to proceed. (Dkt. No. 3). All the alleged wrongdoing in this complaint occurred when plaintiff was incarcerated in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate").

In Judge D'Agostino's order, she noted that plaintiff is a "prolific litigator, and has filed forty civil rights actions in this district alone since 2005."[1] (Dkt. No. 3 at 1 n.1) (citing U.S. Party/Case Index, http://pacer.uspci.uscourts. gov/cgibin/dquery.pi). At the time of Judge D'Agostino's order, twelve of those actions were still pending. *Id.* (citing cases). Notwithstanding plaintiff's history, Judge D'Agostino granted plaintiff's

---

[1] The court also noted that on March 30, 2015, the Second Circuit sanctioned plaintiff with a "leave-to-file" requirement, ordering the Clerk to "'refuse to accept for filing any further submissions from the Appellant unless he first obtains leave of the Court to file such papers.'" (Dkt. No. 3 at 1 n.1) (quoting *Flemming v. Wright*, No. 14-3935, slip op. at 1-2 (2d Cir. Mar. 30, 2015)).

motion to proceed in forma pauperis ("IFP") and allowed plaintiff's Eighth Amendment claims to proceed. The remaining defendants have now been served.

Presently before the court is the defendants' motion to revoke plaintiff's IFP status and to "conditionally" dismiss the action pursuant to Fed. R. Civ. P. 11. (Dkt. No. 20). Plaintiff has responded in opposition to the motion, and in the alternative, requests that he be given extra time to pay the filing fee. (Dkt. No. 21). In plaintiff's response he also asks for appointment of counsel. For the following reasons, this court agrees that plaintiff's IFP should be revoked, but will not recommend conditional dismissal at this time. The court will also deny appointment of counsel at this time.

## I. Revocation of IFP Status

### A. 28 U.S.C. § 1915(g)

Plaintiff was no longer incarcerated at the time that he filed this action. Thus, he is no longer subject to the provision of 28 U.S.C. § 1915 which requires the court to deny IFP status if the plaintiff

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When plaintiff was an inmate, he acquired three-strikes, his IFP was revoked, and he was barred from filing IFP in the Northern District of New York as of October 16, 2007, unless he could show that he was in imminent danger. *Flemming v. Goord*, No. 9:06-CV-562 (Oct. 16, 2007). Mr. Flemming and his litigation are well-

2

known to the court.[2]  However, both parties agree that he is not subject to the "three-strikes" rule, and IFP may not be revoked based upon section 1915(g).

## B. General Abuse of IFP Status

The ability to litigate an action IFP "is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses." *Cruz v. Swart*, No. 9:13-CV-1287, 2014 WL 4771664, at *4 (N.D.N.Y. Sept. 24, 2014) (citing *In re Anderson*, 511 U.S. 364, 365-66 (1994)).  The ability to proceed IFP is a "'privilege provided for the benefit of indigent persons.'" *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 466-67 (S.D.N.Y. 2004) (quoting *Chung v. Dushane*, No. 03 Civ. 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003)).  The purpose of section 1915 is to ensure that "indigent persons have equal access to the judicial system." *Id.* (citing *Hobbs v. County of Westchester*, No. 00 Civ. 8170, 2002 WL 868269, at *1 (S.D.N.Y. May 2, 2002)).

On October 21, 2015, after a similar defense motion to that filed in this action, Magistrate Judge Christian Hummel revoked this plaintiff's IFP status.  He did so, notwithstanding the inapplicability of section 1915(g), based upon plaintiff's material misrepresentation of his prior litigation history. *Flemming v. Santamore*, No. 9:15-CV-29, 2015 WL 6394560, at *5-7 (N.D.N.Y. Oct. 21, 2015).  However, Magistrate Judge Hummel declined to recommend that the District Judge sanction plaintiff with dismissal under Fed. R. Civ. P. 11 for the same behavior. *Id.* at *7-8.

In *Dolberry v. Silvernail*, No. 14-2935, __ F. App'x __, 2015 WL 4113699 (2d

---

[2] Defense counsel has cited many of plaintiff's cases, and this court will not repeat them in this order.  (Def.s' Mem. of Law at 5-6).

3

Cir. July 9, 2015), the Second Circuit reversed the sua sponte dismissal of a plaintiff's complaint for such a material misrepresentation of his litigation history. The court found that the misrepresentation could have been a misunderstanding, based upon the variations in language used on the complaint form-question which requires a listing of the plaintiff's prior litigation. *Id.* at *2. The court cautioned only that "sua sponte" dismissal "cannot stand," and remanded the case for the analysis of alternative bases for dismissal. *Id.*

In this case, it is clear that plaintiff misrepresented his prior litigation history. Plaintiff listed only one of the approximately 40 cases which he has brought, and he did not even complete the information requested regarding the one lawsuit that he did list. (Dkt. No. 1 at 6-7). Defendants have now made a motion to dismiss on the basis that plaintiff misrepresented his prior litigation history, and plaintiff's response is that he was honest about the fact that he had prior lawsuits, when he answered "Yes" to that question, but he did not realize that he had to list each one. (Dkt. No. 21 ¶ 6).

Given the extensive nature of plaintiff's prior filings, this court finds that plaintiff's argument is difficult to believe. In any event, the court also notes that on November 17, 2015, after notice and an opportunity for plaintiff to oppose the order, Chief Judge Glenn Suddaby issued a filing injunction against this plaintiff which provides that he is "permanently enjoined from filing any document or pleading in this District pro se without leave of the Chief Judge (except documents or pleadings in a case that is already open at the time of the issuance of the Anti-Filing Injunction Order . . . ." *In re Flemming*, No. 15-AF-6 (GTS) (N.D.N.Y. Nov. 17, 2015). That order was

4

based on Judge Suddaby's recent determination that grounds existed to enjoin plaintiff from filing future cases without permission.[3] (*Id.* Dkt. No. 1 at 1). Based upon plaintiff's history of abusing IFP status and Magistrate Judge Hummel's analysis in 15-CV-29,[4] this court finds that revocation of IFP is appropriate, but will not recommend dismissal as a sanction at this time.

## II.     **Appointment of Counsel**

### A.     **Legal Standards**

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or

---

[3] The court understands that the "bar" order applies to future cases, but I only mention the order for purposes of showing that plaintiff has been abusing the privilege of proceeding IFP.

[4] The parties are well-aware of Magistrate Hummel's analysis, and this court will not repeat it all in this order.

indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

Appointment of counsel is only available to individuals who are proceeding IFP. 28 U.S.C. § 1915(e)(1) (the court may request that an attorney represent any person unable to afford counsel). Because the court is recommending the revocation of plaintiff's IFP status, he would not be eligible for appointment of counsel. In the alternative, even if plaintiff were eligible to proceed IFP, and the court assumed that plaintiff's case had substance, plaintiff is clearly familiar with court processes, with the discovery process, and has effectively litigated his own actions for years. The remaining legal issues in plaintiff's case are not complex, and although there may be conflicting evidence, implicating the need for cross-examination at trial, if plaintiff were IFP, the court would consider appointing counsel at the time of trial.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to revoke plaintiff's IFP status (Dkt. No. 20) be **GRANTED**, and it is

**RECOMMENDED**, that defendants' motion to dismiss plaintiff's complaint pursuant to Rule 11 (Dkt. No. 20) be **DENIED**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation,

plaintiff be afforded 120 days from the date of the order within which to pay his filing fee, and it is

**RECOMMENDED**, that if plaintiff does not pay his filing fee within the allotted time, or request an extension of time to do so, the case be **DISMISSED**, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 21) be **DENIED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 8, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge