**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WOODROW FLEMMING,**

                          **Plaintiff,**

   vs.                                                9:15-cv-00457
                                                             (MAD/ATB)

**SCOTT SANTAMORE, Sgt., Upstate Correctional Facility; MATTHEW B. WELCH, Correction Officer, Upstate Correctional Facility; JARRED BULLOCK, Correction Officer, Upstate Correctional Facility; DONALD K. MERRICK, Correction Officer, Upstate Correctional Facility; JOHN FINNAZZO, Correction Officer, Upstate Correctional Facility; CHRISTOPHER P. MCCAFF, Correction Officer, Upstate Correctional Facility; NATHAN LOCKE, Correction Officer, Upstate Correctional Facility; ANDREW T. MCCARTHY, Correction Officer, Upstate Correctional Facility; BRENDA L. HOLOCOMBE, Nurse, Upstate Correctional Facility,**

                          **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**WOODROW FLEMMING**
P.O. Box 146
New York, New York 10036
Plaintiff Pro Se

**OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL**               **JUSTIN L. ENGEL, AAG**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

### I. INTRODUCTION

On April 16, 2015, Plaintiff commenced this civil rights action.  *See* Dkt. No. 1.  Plaintiff alleged that he was subjected to "deprivation's [*sic*], Brutal Beating, Assault injuries, Use of Force, Denied Medical, SHU confinement, condiction [*sic*], duration and this cruel un[u]sual punishment, [and] denial of due process" by Defendants on February 24, 2014.  *Id* at 9.  On July 10, 2015, the Court allowed Plaintiff's Eighth Amendment excessive force and medical indifference claims to proceed, but dismissed Plaintiff's other claims.  Dkt. No. 3.  Plaintiff's claims arise out of his incarceration at Upstate Correctional Facility.  Plaintiff seeks an award of monetary damages in the amount of $50,000,000.  Dkt. No. 1.

On July 10, 2015, the Court granted Plaintiff's request to proceed with this action *in forma pauperis* "IFP" after concluding that he met the financial criteria for IFP status.  Dkt. No. 3.  Defendants filed a motion to revoke Plaintiff's IFP status and to "conditionally" dismiss the action pursuant to Fed R. Civ. P. 11.  Dkt. No. 20.  In their motion, Defendants argued that IFP status should be revoked and that this action should be dismissed because Plaintiff made a material misrepresentation in his complaint by failing to list all of his pending and closed cases.  *Id.*  Additionally, Defendants argued that IFP status should be revoked and that this action should be dismissed because Plaintiff has a history of frivolous litigation which has led to the revocation of IFP status in the past and amounts to abuse of the privilege of IFP.  *Id.*  Plaintiff responded in opposition to the motion asserting that he was not aware of the requirement to name all past and pending lawsuits, and that this requirement was not stated on the application.  Dkt. No. 21. at ¶¶ 6, 10.  Plaintiff also requested appointment of counsel under 28 U.S.C. § 1915(e).  *Id.* at ¶ 18.

In a December 8, 2015 Order and Report-Recommendation, Magistrate Judge Baxter recommended that the Court revoke Plaintiff's IFP status.  Dkt. No. 22.  Magistrate Judge Baxter noted that given the extensive nature of Plaintiff's prior filings, it is difficult to believe that he was

2

unaware of the requirement to list prior litigation history. *Id.* at 4. Further, Magistrate Judge Baxter noted that "it is clear that plaintiff misrepresented his prior litigation history. Plaintiff listed only one of the approximately 40 cases which he had brought, and he did not even complete the information requested regarding the one lawsuit that he did list." *Id.* Next, Magistrate Judge Baxter found that, based on Plaintiff's history of abusing IFP status, revocation of IFP status was appropriate, and that this case should be dismissed unless Plaintiff pays the filing fee within 120 days. *Id.* Finally, Magistrate Judge Baxter recommended that Plaintiff's request for appointment of counsel be denied because appointment of counsel is only available for individuals proceeding IFP; thus, if Plaintiff's IFP status is revoked, he will not be eligible for appointment of counsel. *Id.* Alternatively, if Plaintiff's IFP status is not revoked, Magistrate Judge Baxter indicated that the Court would consider appointment of counsel at the time of trial. *Id.* Plaintiff did not object to Magistrate Judge Baxter's Order and Report-Recommendation.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding pro se, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A pro se litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a pro se party's failure to object to a Report-Recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"The ability to litigate IFP is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses." *Cruz v. Zwart*, No. 9:13-CV-1287, 2014 WL 4771664, *4 (N.D.N.Y. Sept. 24, 2014) (citing *In re Anderson*, 511 U.S. 364, 365-66 (1994)). When a Plaintiff dishonestly answers a question on a form complaint and swears to the truthfulness of that answer, no amount of special solicitude afforded to pro se litigants can excuse such a material misrepresentation to the court. *Chavis v. Curlee,* No. 9:06-CV-0049, 2008 U.S. Dist. LEXIS 123645, *36 (N.D.N.Y. Jan. 28, 2008).

Having reviewed Magistrate Judge Baxter's December 8, 2015 Order and Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that Plaintiff's IFP status should be revoked. When Plaintiff was an inmate, he acquired three-strikes, his IFP status was revoked, and he was barred from filing IFP in the

4

Northern District of New York as of October 16, 2007, unless he could show that he was in imminent danger. *Flemming v. Goord,* No. 9:06-CV-562 (N.D.N.Y. Oct. 16, 2007). However, Plaintiff was not incarcerated at the time that he filed this action; therefore, he is no longer subject to the provision of 28 U.S.C. § 1915 which requires the court to deny IFP status if the plaintiff

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Nonetheless, prior to the commencement of this lawsuit, Plaintiff's abuse of the privilege of IFP led to the issuance of a filing injunction from Chief Judge Suddaby which permanently enjoined him from filing any document or pleading in the Northern District pro se without leave of the Chief Judge. *In re Flemming,* No. 15-AF-6 (GTS) (N.D.N.Y. Nov. 17, 2015). Moreover, Plaintiff's concealment of prior litigation history amounts to a material misrepresentation that makes revocation of IFP status appropriate. Furthermore, in *Flemming v. King,* 9:14-CV-316 (DNH/CFH) (N.D.N.Y.), Plaintiff made similar misrepresentations by claiming that he had only filed one earlier complaint. Dkt. No. 20. On October 21, 2015, Magistrate Judge Hummel also revoked Plaintiff's IFP status after Plaintiff made a material misrepresentation of his prior litigation history. *Flemming v. Santamore,* No. 9:15-CV-29, 2015 WL 6394560, *5-*7 (N.D.N.Y. Oct. 21, 2015). The repetition of concealing prior litigation history undermines Plaintiff's claim that he was unaware of this requirement for commencing the action, and suggests that he intentionally misrepresented his prior litigation history. Additionally, Magistrate Judge Baxter correctly determined that Plaintiff is not eligible for appointment of counsel because his IFP status has been revoked.

Finally, as to the motion for Rule 11 sanctions, Magistrate Judge Baxter correctly determined that the sanction of dismissal was not appropriate. In *Dolberry v. Silvernail,* 620 Fed. Appx. 34 (2d Cir. 2015), the Second Circuit reversed the sua sponte dismissal of a plaintiff's complaint for a material misrepresentation of his litigation history. Also, in *Flemming v. Santamore,* Magistrate Judge Hummel revoked Plaintiff's IFP status, but declined to recommend the sanction of dismissal under Fed. R. Civ. P. 11 for the same behavior. *Flemming v. Santamore* 2015 WL 6394560, at *7-*8.

### III. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's December 8, 2015 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* status is **REVOKED**; and the Court further

**ORDERS** that Plaintiff shall pay the required statutory filing fee within **SIXTY (60) DAYS**[1] of the date of this Decision and Order if he wishes to proceed with this action; and the Court further

**ORDERS** that, if Plaintiff fails to pay the statutory filing fee within **SIXTY (60) DAYS** of the date of this Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of the Court; and the Court further

**ORDERS** that Plaintiff's request for appointment of counsel (Dkt. No. 21) is **DENIED**; and the Court further

---

[1] Although Magistrate Judge Baxter recommended affording Plaintiff 120 days to pay the filing fee, the Court finds that 60 days is more appropriate.

**ORDERS** that the Defendants' motion to conditionally dismiss pursuant to Rule 11 (Dkt. No. 20) is **DENIED** without prejudice to renew in the event that Plaintiff pays the statutory filing fee; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 9, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge